

**FILED**
**Nov 16, 2021**
**09:32 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **KAREN LABOYTEAUX,** | ) | **Docket Number: 2021-02-0275** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BENJAMIN BEGLEY AND** | ) | |
| **TIFFANY BEGLEY d/b/a** | ) | **State File No.: 800281-2021** |
| **HOMESTEAD FAMILY TABLE** | ) | |
| **AND MONSTERMASH CONCEPTS,** | ) | |
| **LLC,** | ) | |
| **Employer.** | ) | **Judge Brian K. Addington** |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on November 8, 2021, on Karen Laboyteaux's request to determine her eligibility for payment of past medical bills, future medical treatment, and temporary partial disability benefits. For the reasons below, the Court finds Ms. Laboyteaux is likely to prevail at a hearing on the merits that she is entitled to the requested benefits.

### Claim History

Ms. Laboyteaux earned $9.00 per hour working as a cook for Homestead Family Table. She tripped over a box strap at work on March 28, 2021, and injured her arm and hand. Before the end of her shift, her manager asked her to wash dishes, but Ms. Laboyteaux responded that she could not do so with one hand. The manager instructed her to go to the emergency room.

After an examination and x-rays at the emergency room, providers told Ms. Laboyteaux to follow up with orthopedist Dr. Timothy Jenkins. When she asked Homestead to pay for a visit with Dr. Jenkins, Bill Begley, the owner, told her to send the bills to him because Homestead did not have workers' compensation insurance.[1]

---

[1] Homestead employed more than five employees.

Ms. Laboyteaux eventually saw Dr. Jenkins, who diagnosed an elbow ligament sprain and placed her on light-duty lifting restrictions. Homestead did not pay for the treatment, and she only saw Dr. Jenkins twice. At the last visit, he recommended physical therapy, which she could not afford.

Because Homestead did not pay for her treatment, the providers billed Ms. Laboyteaux.[2] Despite her pain, she sought work but was unable to find a job within her restrictions until June 13.

Ms. Laboyteaux testified that she only worked for Homestead for three weeks before it permanently closed. She earned $619.94 for that three-week period, or $206.65 per week.

Ms. Laboyteaux filed a Petition for Benefit Determination on May 26, 2021, within sixty days of her injury. She requested payment for past and future medical benefits, as well as temporary partial disability benefits for the period she was unable to find work within her restrictions.

Homestead did not appear for the hearing, file any pleadings, or submit evidence.

### Findings of Fact and Conclusions of Law

To grant Ms. Laboyteaux's request, she must prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8 (Mar. 27, 2015). She requested payment of past and ongoing medical benefits and past temporary disability benefits.

Ms. Laboyteaux's uncontroverted testimony and medical records show she suffered an injury that arose primarily out of and in the course and scope of her employment. Therefore, the Court holds she is likely to succeed at a hearing on the merits in proving she suffered a work injury, which would entitle her to medical benefits.

Instead of providing a panel of physicians for Ms. Laboyteaux's injury, her manager sent her to the emergency room, and Homestead failed to pay for her treatment there or with Dr. Jenkins. An employer is required to provide medical benefits and a physician panel under Tennessee Code Annotated section 50-6-204. Homestead did neither. Since Homestead sent her to the emergency room and failed to provide a panel of physicians, it shall pay for her treatment with the emergency room and with Dr. Jenkins, who shall be

---

[2] Ms. Laboyteaux incurred medical bills in the amount of $3,084.00 at the emergency room, $400 with Watauga Orthopedics, and $45.40 at Walgreens for medications.

considered the authorized treating physician for future treatment. *See McCord,* at \*13.

Ms. Laboyteaux is entitled to temporary partial disability benefits if she was unable to earn her average weekly wage while on work-related restrictions. Tenn. Code Ann. § 50-6-207(2)(A). Here, she testified she was unable to find work or earn wages within Dr. Jenkins's restrictions from the date after her injury until June 13, or eleven weeks. The Court holds she is likely to succeed at a hearing on the merits in proving entitlement to temporary partial disability benefits in the amount of $1,640.10, which represents eleven weeks of benefits at the minimum compensation rate of $149.10.[3]

Finally, because Homestead was uninsured, the Court considers whether Ms. Laboyteaux is eligible to apply for benefits from the Bureau's Uninsured Employers Fund. Under Tennessee Code Annotated section 50-6-802(e)(1), the Bureau has *discretion* to pay limited benefits to Ms. Laboyteaux if she proves the following:

1) She worked for an employer who failed to carry workers' compensation insurance;
2) She suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;
3) She was a Tennessee resident on the date she was injured;
4) She provided notice to the Bureau of the injury and of the failure of the employer to secure payment of compensation within sixty days after the date of her injury.

The Court finds that Ms. Laboyteaux worked for an uninsured employer, Homestead, and that she is likely to prevail at a hearing on the merits that she suffered an injury arising primarily from employment on March 28, 2021. She was a Tennessee resident on that date and provided notice to the Bureau of her injury and Homestead's lack of insurance within sixty days of the injury. Therefore, Ms. Laboyteaux satisfied all the requirements of section 50-6-802(e)(1). She may complete the enclosed form for **consideration of a discretionary payment** through the Uninsured Employers Fund.

Also, the Court refers this case to the Compliance Program for assessment of a penalty for Homestead's failure to provide medical treatment under Tennessee Compilation Rules and Regulations 0800-02-24-.03.

---

[3] Ms. Laboyteaux is due the minimum weekly benefit because her earnings fell below the amount that the Workers' Compensation Law determines as the minimum rate all employers must pay for missed work. Tenn. Code Ann. § 50-6-102(18).

**IT IS, THEREFORE, ORDERED** as follows:

1.  Homestead shall pay for Ms. Laboyteaux's past medical costs in the amount of $3,529.40 and future medical treatment with Dr. Jenkins under Tennessee Code Annotated section 50-6-204.

2.  Homestead shall pay Ms. Laboyteaux's past temporary partial disability benefits in the amount of $1,640.10.

3.  Ms. Laboyteaux satisfied the requirements of Tennessee Code Annotated section 50-6-801(d) and is eligible to request benefits from the Uninsured Employers Fund, paid at the *Administrator's discretion*. To do so, she must file the attached form and may contact an Ombudsman at 1-800-332-2667 for assistance.

4.  This case is scheduled for a status hearing on **January 10, 2022, at 10:00 a.m.** Eastern. The parties must dial **855-543-5044** to participate. Failure to call might result in a determination of the issues without your participation.

5.  The Court refers this case to the Compliance Program for assessment of a penalty for Homestead's failure to provide medical treatment.

6.  Unless interlocutory appeal of the Expedited Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The insurer or self-insured employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than seven business days after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**IT IS ORDERED**.

**ENTERED NOVEMBER 16, 2021.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, Judge**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:
1. Karen Laboyteaux's Affidavit
2. Ballad Health Medical Records
3. Watauga Orthopaedics Medical Records
4. Medical Bills
5. Checks
6. Medical Bill and Pay Stub

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Order Denying Request for Decision on the Record and Setting an In-Person Evidentiary Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on November 16, 2021.

| Name | Certified Mail | Fax | Email | Address |
|---|---|---|---|---|
| Karen Laboyteaux, Employee | X | | X | P.O. Box 82 Church Hill, TN 37642 kbass0267@gmail.com |
| Homestead Family Table MonsterMash Concepts, LLC, Employer | X | | X | 611 Parkway Sevierville, TN 37862 monstermashburgers@gmail.com |
| LaShawn Pender | | | X | lashawn.pender@tn.gov |
| Amanda Terry | | | X | amanda.terry@tn.gov |
| Compliance | | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*